The opinion of the court was delivered by
Gibson, J.
The doubt suggested, is, whether the sales in the counties of Beaver and Butler, by virtue of the act of 1817, are subject to the provisions of the act of 1S15. A decision in the affirmative will conclude the former owner; for-it is clear, and has been so held, that he shall be prohibited from availing himself of any defect in the evidence, except that which may be necessary to show that the land was unseated, that a tax was actually assessed, (however irregularly,) and unpaid at the time of the sale; and that there was not an Offer to redeem within the two years.
Accident had prevented the commencement of sales in these counties, at the biennial period prescribed in the act of 1815, and the exigencies of the public required that sales should be made in the intermediate year; so that the only object of the legislature was to authorize the commissioners to sell a year sooner than they could otherwise have done. Why-should it be thought they intended to deprive the purchaser of the benefit of the act of 1815 ? The argument is, that a special notice of the time of salé is not necessary under that act, because returning periods of sale are fixed at stated intervals, and owners are therefore apprised by the act itself, that their lands will be sold at the regular period, if the taxes are not paid; whereas notice of sales, at at an intermediate and irregular period, would be absolutely necessary, and that this would be a consideration with the legislature to exempt those sales from, the provisions of the former act. But would bidders be apprised of the recurrence of the regular periods of sale under the act of 1S15; and would not owners suffer an injury from want of publication of notice, by a reduction in the price bidden for their lands? Beside, notice is peremptorily directed in all'eases, and certainly for the benefit of the owner; so that the apparent hardship of prohibiting him from setting up the want of it, in respect of sales under either act, is the same in every thing but degree. The evil of the old system (and it was a sore one,) arose from the .neglect of the commissioners, in omitting to perpetuate the proper evidence of the transaction, without which the purchaser was unable to make out his title, although every thing which the Jaw re *349 quired might, in fact, have been done; the courts proceeding, as they were bound to do, on the maxim de non apparentibus. It was to establish the converse of this, as applicable to sales for taxes, that the provisions peculiar to the act of 1815 were introduced. Then, in the absense of positive words, why should an intention to engraft the old mischief on any part of the new system, be imputed? Such an imputation would be in the face of the policy manifested by the legislature ever since. But the words of the act of 1817 can hardly be thought ambiguous. .The sales were to be •“conducted in the manner, and under all the regulations and restrictions” of the act of 1815. If this were restrained to the sale itself, every irregularity in the preparatory steps would be let in against the title, and all the evils of the old system revived, while the owner would be deprived of- the right of redemption. But, properly speaking, a sale is subject to restriction where the owner is to be concluded, whether it be regular or not, the restriction being of a right which he would otherwise be at liberty to exercise; and thus even the letter of the act may be put out of the way of what was indubitably1- the actual intent of the legislature.
Judgment reversed, and a venire facias de novo awarded.